EMIL BLANAR, PETITIONER-DEFENDANT, v. ALEX GOLD-
STEIN, T/A LAMBERT TEXTILE PRINTING CO.,
AND/OR MAURICE GOLDSTEIN, ADMINISTRATOR OF
THE ESTATE OF ALEX GOLDSTEIN, AND ST. PAUL
MERCURY INDEMNITY CO., RESPONDENT-PROSECU-
TOR.

Submitted October 3, 1939—Decided December 22, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the petitioner-defendant, *Nathan Robins* (*Nathan
Rabinowitz,* of counsel).

For the respondent-prosecutor, *Harvey G. Stevenson.*

BROGAN, CHIEF JUSTICE. This is a workman's compensation case. *Certiorari* was allowed to review a judgment for the petitioner awarding compensation. That the petitioner suffered injury by accident is not in question. The award is challenged on the ground that the injury did not arise out of and in the course of his employment.

The business of the employer is described as that of a textile printer. The petitioner was employed as a utility man in the plant of Alex Goldstein, who operated under the trade name of Lambert Textile Printing Co. The accident and injury occurred on an automobile trip in the State of New York when Mr. Goldstein's car, then operated by petitioner, Blanar, and another automobile, collided. Blanar was injured, his employer was killed. Now as to the evidence on the debated issue, *i. e.*, whether the petitioner's injury arose out of and in the course of his employment—the petitioner testifide that his duties consisted of doing any type of work around the plant. He "worked around on little jobs, finishing jobs on the printing machine but no particular jobs * * * and driving also."

He possessed a license to drive an automobile and the employer, Mr. Goldstein, used him on occasions to drive his automobile. On the afternoon of Friday, July 15th, 1938, Mr. Goldstein said to him, "I want you to punch out at twelve o'clock, go home and get dressed, and I want you to drive me over to Saratoga." The request or order to "punch out" referred to punching a time clock in the textile printing plant, to show that he ceased work at that time at the plant. He did so and was further directed by his employer to be back at three o'clock the same afternoon, which instruction he obeyed. His employer promised to pay him $7 for the driving. It appears that he and his employer left in the employer's automobile for Saratoga, New York, at five o'clock that evening. Petitioner has a relative in the vicinity of Saratoga and when that neighborhood was reached the petitioner left the car and the employer drove on to Saratoga. The return journey was made on Monday morning, July 18th. On the homeward trip, near Coxsackie, in the State of New York, an automobile coming from the opposite direction, collided with

the employer's car, the result being injury to the petitioner and death to Mr. Goldstein.

Out of these facts and circumstances the deputy commissioner in the compensation bureau found that the said accident arose out of and in the course of the petitioner's employment with the Lambert Textile Printing Co. and awarded compensation. It is our view, after considering the testimony in the case, that this conclusion cannot be sustained. We do not find any credible evidence that the deceased was on the business of the company at the time the fatal accident overtook him and this perforce means that the petitioner was on no business of the company and that the injury sustained by the petitioner on such mission did not arise out of and in the course of his employment. There are several elements that persuade us in arriving at this conclusion, e. g., the testimony of Maurice Goldstein, the father of the deceased, whom the deceased visited at Saratoga. His testimony undeniably shows that the deceased did not go there to see him on business of the company but rather for his health, i. e., to obtain the benefits of the waters at Saratoga Springs, as well as the baths. There is no testimony that the deceased went to see anyone at Saratoga on the business of the company. There is further the testimony of Lena Shenkman, bookkeeper of the Lambert Textile Printing Company, who says that payment for this and other trips of like nature was not made by the company; that any trip petitioner made with Mr. Goldstein (deceased) at any time was not paid for by the company; that the company had no business to do at Saratoga, and that so far as she knew there was no business there for Mr. Goldstein to do; that the car in which the trip was taken was the personal property of the deceased; that the company did not maintain it or pay for its upkeep or operation, and the like. We find that the injury suffered by the petitioner did not arise out of or in the course of his employment and that the petition for compensation should have been dismissed.

The judgment will be reversed, with costs.

Mr. Justice Donges does not concur.